IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CT-3009-FL

| | |
|---|---|
| BART FITZGERALD MCCLAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  ORDER |
| | ) |
| NORTH CAROLINA DEPARTMENT | ) |
| OF PUBLIC SAFETY, COLUMBUS | ) |
| CORRECTIONAL INSTITUTION, | ) |
| PAT MCCRORY, GEORGE | ) |
| SOLOMON, OFFICER LOCKLEAR, | ) |
| NORA HUNT, JENNIFER WALSH, | ) |
| CAPTAIN EVANS, CAPTAIN | ) |
| PREIST, SERGEANT HARRIS, | ) |
| SERGEANT FRANK, PRISON | ) |
| ATTENDANT FRITZE, PRISON | ) |
| ATTENDANT NOBLES, FRANK | ) |
| PERRY, PRISON ATTENDANT | ) |
| SLOAN, PROGRAMER HUNT, | ) |
| PROGRAMER HARDY, | ) |
| PROGRAMER DENOBREGA, | ) |
| FINESSE G. COUCH, NEWBORN R. | ) |
| REGINALD, D.C. HUGGINS, MIKE | ) |
| LEE, and RODNEY MOORE, | ) |
| | ) |
| Defendants. | ) |

Plaintiff, a state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. The matter is before the court on plaintiff's August 2, 2016, amended complaint submitted in response to the court's July 14, 2016, order directing him to particularize his complaint. Also before the court are plaintiff's motions to amend (DE 33, 34) and motions to disqualify the judge (DE 30, 31). Finally, the action is before the court on plaintiff's affidavit in support of his motion

to disqualify the judge (DE 36), which the court construes, in part, as a motion for reconsideration of the court's July 14, 2016, order. The issues raised are ripe for adjudication.

A. Motions to Amend

Plaintiff filed two motions to amend his August 2, 2016, particularized complaint. For good cause shown, plaintiff's motions are GRANTED. <u>See</u> Fed. R. Civ. P. 15(a).

B. Motions to Disqualify

Plaintiff filed two substantially identical motions requesting that the instant judge disqualify or recuse herself pursuant to 28 U.S.C. § 455(a). Title 28 U.S.C. § 455(a) requires that a judge "shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned." Disqualification is required if a reasonable factual basis exists for doubting the judge's impartiality. <u>Rice v. McKenzie</u>, 581 F.2d 1114, 1116 (4th Cir. 1978). Here, plaintiff makes blanket claims of bias and prejudice. Plaintiff also complains about the rulings the court has made in its July 14, 2016, order. Although plaintiff has expressed dissatisfaction with rulings made by this court, plaintiff has presented no reasonable factual basis for doubting the undersigned's impartiality. Therefore, plaintiff's motions for recusal are DENIED.

C. Motion for Reconsideration

Plaintiff seeks reconsideration of the denial of the following motions submitted by plaintiff: (1) motion for emergency injunctive relief; (2) motion for a 90-day extension of time; (3) motion to be declared an indigent; (4) motion to appoint counsel; (5) motion for an evidentiary hearing; and (6) request for a jury trial. Pursuant to Federal Rule of Civil Procedure 54(b), in the absence of an express order directing final judgment as to certain claims or parties:

> [A]ny order or other decision, however designated, that adjudicates
> fewer than all of the claims or the rights and liabilities of fewer than

2

> all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Under this rule, "a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-515 (4th Cir. 2003) (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991)).

"Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." Id. at 514. Rather, the resolution of such motion is "committed to the discretion of the district court." Id. at 515. As a means of guiding that discretion, courts have looked to "doctrines such as law of the case," under which a prior dispositive order must be followed unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." Id. (quoting Sejman v. Warner-Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir. 1988)). The court now addresses each of plaintiff's six requests for reconsideration in turn.

    1.    Motion for Injunctive Relief

Plaintiff asserts that the court did not address his January 13, 2016, filing captioned "Injunctive Restraining Order." The court construed plaintiff's January 13, 2016, filing as an attempt to file a complaint to initiate an action in this court. On January 15, 2016, Magistrate Judge Robert B. Jones, Jr. issued a notice of deficiency with respect to this filing and directed plaintiff to

3

file his complaint on the proper form.[1] In light of plaintiff's expressed intent that his January 13, 2016, filing be considered a motion for injunctive relief, the court now considers plaintiff's motion for emergency injunctive relief and construes it as a motion for a temporary restraining order.[2] See Watson v. Garman, No. 7:12-cv-00037, 2012 WL 664066, at *1 (W.D. Va. Feb. 29, 2012) (construing motion for a preliminary injunction as one for a temporary restraining order where the defendants have not yet been served).

In his motion, plaintiff requests that the court enter an order directing defendants to stop confiscating his grievances and other legal documents. Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order shall not issue in the absence of "specific facts . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

---

[1] The January 13, 2016, notice of deficiency also directed plaintiff to either pay the filing fee in this action or to file a motion for leave to proceed without the prepayment of the filing fee.

[2] The court notes that a temporary restraining order is governed by the same general standards as the issuance of a preliminary injunction. See Hoechst Diafoil v. Nan Ya Plastics Corp., 174 F.3d 411, 422 (4th Cir. 1999).

Here, plaintiff has not demonstrated that he likely is to succeed on the merits, nor has he alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted. Finally, plaintiff has not demonstrated that his request for a temporary restraining order is in the public interest or that the balance of equities tips in his favor. Accordingly, plaintiff's motion for a temporary restraining order is DENIED.[3]

2.  Motion for an Extension of Time

On February 1, 2016, plaintiff filed a motion requesting a 90-day extension of time to respond to the magistrate judge's January 15, 2016, order directing plaintiff to file his complaint on the proper form. On February 5, 2016, the court granted plaintiff's motion, but deemed the requested 90-day extension of time unreasonably long, and permitted plaintiff until March 21, 2016, to file his complaint. Plaintiff seeks reconsideration of the court's decision to impose the shorter deadline. After the court's February 5, 2016, order, plaintiff subsequently filed three amended complaints and has had ample opportunity to allege his claims. Thus, plaintiff's motion for reconsideration is DENIED as to this issue.

3.  Motion to be Declared Indigent

Plaintiff requests that the court reconsider its February 5, 2016, order denying his January 14, 2016, motion to be declared indigent. Plaintiff appears to take issue with the court's denial of his request to proceed without <u>any</u> payment of the $400.00 filing fee. However, the Prisoner Litigation Reform Act ("PLRA") provides that "prisoner[s] **shall** be required to pay the full amount

---

[3] Plaintiff repeatedly references a June 29, 2015, temporary restraining order, which predates the filing of this action on January 13, 2016. However, such order, if it exists, was not issued by this court. Further, plaintiff has not provided a copy of the order or a case number in which the order was entered.

of a filing fee." 28 U.S.C. § 1915(b) (emphasis added); see Bruce v. Samuels, 136 S. Ct. 627, 629 (2016); Roller v. Gunn, 107 F.3d 227, 232 (4th Cir.), cert. denied, 522 U.S. 874 (1997). In accordance with the PLRA, the court properly directed plaintiff to either pay the filing fee in full or to file a motion to proceed without the prepayment of the filing fee, and plaintiff complied. (See (DE 14)). Based upon the foregoing, plaintiff's motion for reconsideration is DENIED.

The court now *sua sponte* addresses an issue with respect to the amount of the filing fee. The fee for instituting a civil action in federal district court is $350. See 28 U.S.C. § 1914(a). Although the Judicial Conference of the United States has authorized district court clerks to collect an additional administrative fee of $50 for filing a civil action, "[t]his fee does not apply to . . . persons granted *in forma pauperis* status under 28 U.S.C. § 1915." 28 U.S.C. § 1914, n.14; see, e.g., Barnett v. Laurel Cty., No. 6:16-CV-00066-GFVT, 2016 WL 2344224, at *1 (E.D. Ky. May 3, 2016); Haynes v. Greene Cty. Det. Ctr., 3:16CV00026-BSM-JJV, 2016 WL 706235, at *1 n.1 (E.D. Ark. Feb. 22, 2016); Tabor v. Shelby Cty. Corr. Ctr., No. 2:15-CV-2613-JDT-dkv, 2015 WL 5508981, at *1 n.1 (W.D. Tenn. Sept. 17, 2015). Thus, the court VACATES the magistrate judge's March 2, 2016, order granting plaintiff's motion to proceed without the prepayment of the filing fee to the extent the order directed plaintiff to pay a filing fee of $400 rather than $350.

    4.    Motion to Appoint Counsel

Plaintiff requests that the court reconsider its denial of his motion to appoint counsel. Having conducted a review the record, the court finds its initial determination with respect to this motion appropriate. Thus, plaintiff's motion for reconsideration is DENIED.

5. Motion for an Evidentiary Hearing

Plaintiff seeks reconsideration of the court's July 14, 2016, order denying his motion for an evidentiary hearing. Defendants have not yet been served in this action and the parties have not yet engaged in discovery. Accordingly, an evidentiary hearing is premature at this point in the proceedings, and plaintiff's motion for reconsideration is DENIED.

6. Demand for a Jury Trial

To the extent plaintiff asks that the court acknowledge his demand for a jury trial, the court's docket reflects that plaintiff, in fact, has made a demand for a jury trial. Accordingly, plaintiff's motion for reconsideration is DENIED on this ground.[4]

D. Frivolity Review

The court in its July 14, 2016, order directed plaintiff to file <u>one</u> amended complaint. Plaintiff, however, did not heed the court's order and filed three amended complaints in response to the court's July 14, 2016, order. Plaintiff, additionally, did not follow the court's instruction to connect the named defendants with the alleged conduct which resulted in the alleged constitutional violation. Despite these deficiencies in plaintiff's filings, the court now will conduct a frivolity review of plaintiff's three amended complaints submitted in response to the court's July 14, 2016, order. (<u>See</u> (DE 32, 33, 34).

---

[4] The court has not construed any allegations in plaintiff's motion for reconsideration, motions to disqualify, or affidavit in support of his motions to disqualify as part of the complaint or amended complaints. <u>See</u> Fed. R. Civ. P. 15(a). If plaintiff had intended to make such allegations a part of his complaint, he could have included them in one of his three amended pleadings. Finally, plaintiff provided only conclusory allegations and failed to connect any named defendant with the alleged conduct, which is insufficient to state a constitutional claim. <u>See</u> Fed. R. Civ. P. 8; <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 681 (2009) (citation omitted); <u>see, e.g.</u>, <u>White v. White</u>, 886 F.2d 721, 723 (4th Cir.1989) (stating minimum level of factual support required).

7

A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff brings this § 1983 action against defendants Pat McCrory ("McCrory"), Frank Perry ("Perry"), George Solomon ("Solomon"), Officer Locklear ("Locklear"), Nora Hunt ("Hunt"), Jennifer Walsh ("Walsh"), Captain Evans ("Evans"), Captain Priest ("Priest"), Sergeant Harris ("Harris"), Sergeant Frank ("Frank"), Prison Attendant Fritze ("Fritze"), Prison Attendant Nobles ("Nobles"), Prison Attendant Sloan ("Sloan"), Programer Hunt ("Hunt"), Programer Hardy ("Hardy"), Programer Denobrega ("Denobrega"), Finesse G. Couch ("Couch"), Newborn R. Reginald ("Reginald"), D.C. Huggins ("Huggins"), Mike Lee ("Lee") and Rodney Moore ("Moore"). Plaintiff raises claims related to his placement on administrative segregation, defendants' alleged interference with the administrative remedy process, defendants' alleged interference with plaintiff's access to courts, deprivation of property, interference with plaintiff's

8

prison job, the pepper-spraying of other inmates, the opening of plaintiff's legal mail, verbal abuse, and property searches. The court now addresses each claim in turn.

      1.     Placement in Administrative Segregation

Plaintiff contends that defendant Locklear, a disciplinary hearing officer, placed plaintiff in administrative segregation for a 30-day period of time on "bogus" charges because plaintiff asserted his "rights to a prison job assignment" and because plaintiff refused to participate in an "Academic Fraud and Money Laundering Scheme implemented by the Public Safety Department." (Am. Compl. (DE 33), p. 5; Am. Compl. (DE 32), p. 6). Plaintiff claims that the imposition of his 30-day term of segregation violated his rights pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

The Due Process Clause mandates several procedural safeguards before an inmate may be punished for violating prison disciplinary rules with the loss of protected liberty interest, such as earned good-time credit, or with deprivation of property. Wolff v. McDonnell, 418 U.S. 539, 557 (1974). These limited due process rights include advanced, written notice of the charges, written findings, and a limited right to call witnesses. See id. at 563-64. However, an inmate only is entitled to these procedural protections when the conviction results in the loss of statutory good-time credits or where some other liberty or property interest is at issue. Id.

Here, plaintiff's disciplinary convictions did not result in the loss of any good-time credit. (Am. Compl. (DE 33), p. 5). Accordingly, plaintiff's 30-day assignment to administrative segregation does not implicate a constitutionally protected liberty interest. See Beverati v. Smith, 120 F.3d 500, 502 (1997) (holding administrative segregation for six months with vermin; human waste; flooded toilet; unbearable heat; cold food; dirty clothing, linens, and bedding; longer periods

9

in cell; no outside recreation; no educational or religious services; and less food was not so atypical as to impose significant hardship such that due process protections attach). Based upon the foregoing, plaintiff failed to establish a due process violation arising out of his disciplinary proceedings and fails to state a claim.

      2.     Interference with Administrative Remedy Process

Plaintiff alleges that defendants Hunt and Walsh ordered defendants Harris, Nobles, and Fritze to "read, seize, hide[,] and destroy DC-410 grievances and completed responses." ((DE 32), p. 5). Plaintiff does not have a constitutional right to have available or to participate in an effective grievance process. See Adams, 40 F.3d at 75; see also, Oliver v. Myers, No. 5:7:08-CV-558, 2008 WL 5212409, at *4 (W.D. Va. Dec. 12, 2008) (stating that "because state grievance procedures are separate and distinct from state and federal legal procedures, an institution's failure to comply with state grievance procedures does not compromise its inmates' right of access to the courts") (citation omitted), appeal dismissed, 335 F. App'x 317 (4th Cir. 2009). Further, even if available, a prison grievance procedure does not confer any substantive right upon inmates. Adams, 40 F.3d at 75; see also, Bradley v. Wheeler, No. 1:09cv371, 2009 WL 2634753, *4 (E.D. Va. Aug. 25, 2009) ("Because a state's grievance procedure confers no substantive rights upon prison inmates, a prison official's failure to comply with the grievance procedures is not actionable under § 1983.") Finally, a ruling adverse to a plaintiff on an administrative complaint does not give rise to a constitutional claim. See Bridges v. Gilbert, 557 F.3d 541, 555 (7th Cir. 2009) (stating that prison officials' alleged misconduct by improperly rejecting inmate's grievances or providing misleading information in response fails to state a claim for denial of access to courts where plaintiff filed civil rights action regarding events described in grievances) (citing Antonelli v. Sheahan, 81 F.3d 1422,

10

1430 (7th Cir.1996)). Thus, plaintiff failed to allege an Eighth Amendment claim arising out of his participation in the grievance procedure.

        3.      Access to Courts

Plaintiff alleges that Columbus staff confiscated his legal materials when he was placed in administrative segregation. Specifically, plaintiff contends that defendants Hunt and Walsh ordered defendant Harris to "confiscate, hide, and destroy [his] jury trial transcript, [his] affidavit evidence, case law and other vital pro se legal materials and other evidence known to be needed in a judicial matter directly relating to [his] criminal conviction 'legal appeal' efforts . . . ." (Am. Compl. (DE 32), p. 5). Plaintiff further states that these defendants have confiscated "judicial matter directly relating to [his] civil rights complaint . . . ." (Id.) The courts construes this claim as an one alleging denial of access to courts in violation of the First Amendment to the United States Constitution and deprivation of property in violation of the Due Process Clause.

The court begins with plaintiff's First Amendment access to courts claim. In order to state a claim for denial of access the courts, the inmate must show actual injury or that a defendant's conduct hindered his efforts to pursue a legal claim. See, e.g., Lewis v. Casey, 518 U.S. 343, 351–52 (1996); Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006). The United States Supreme Court held in Lewis that inmates must be provided "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Lewis, 518 U.S. at 351 (quotation omitted). The right to access the courts extends to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. Id. at 354-55. The actual injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or impeded." Id. at 353. The Court did not extend the holding to include the

11

right to "*litigate effectively* once in court." Id. at 354 (disclaiming language in Bounds v. Smith, 430 U.S. 817, 825 (1977), suggesting otherwise).

In this case, plaintiff alleges that defendants' confiscation of his law books and other legal materials interfered with his ability to challenge his criminal conviction. Plaintiff previously raised a similar access to courts claim in the United States District Court for the Middle District of North Carolina, McClain v. Carter, No. 1:01CV20-MU02, 2004 WL 3259007 (W.D.N.C. July 12, 2004), aff'd, 117 F. App'x 887 (4th Cir. 2004) ("McClain I"). In McClain I, the court noted that plaintiff's criminal convictions became final on direct review when the North Carolina Supreme Court denied plaintiff's petition for a writ of certiorari on May 4, 2000, and that it, therefore, was unlikely that plaintiff still was pursuing a direct appeal in October 2000 when he arrived at the correctional facility at issue in McClain I. See id. at *5. It is even more unlikely that plaintiff currently is pursuing his appeal or post-conviction relief in 2016. In any event, plaintiff has not provided any factual support whatsoever, aside from his conclusory allegations, to suggest that he is pursuing direct or post-conviction relief in his state criminal action, and fails to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009) (citation omitted); see, e.g., White v. White, 886 F.2d 721, 723 (4th Cir.1989) (stating minimum level of factual support required).

Plaintiff further has not provided facts, aside from conclusory allegations, that any civil rights action was frustrated or impeded by the alleged confiscation or destruction of his legal property. Such conclusory allegations are insufficient to state an access to courts claim. See Cochran v. Morris, 73 F.3d 1310, 1313 (4th Cir. 1996) ("The district court . . . properly dismissed Cochran's claim that prison officials infringed his right of access to the courts. In making such a claim, a prisoner cannot rely on conclusory allegations. Specificity is necessary so that prison

12

officials are not required to file unnecessary responses to speculative allegations.") (citation omitted). Thus, plaintiff has failed to state an access to courts claim.

The court now turns to plaintiff's due process claim related to the alleged destruction of his personal property, including his legal property. To state a procedural or substantive due process claim, an inmate must demonstrate that he was deprived of life, liberty, or property by government action. Beverati, 120 F.3d at 502. Beginning with plaintiff's procedural due process claim, he is not entitled to relief because even "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post[-]deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984) (holding that intentional deprivations of property by government employees do not violate due process until and unless the State refuses to provide a suitable post-deprivation remedy); see Mora v. City of Gaithersburg, 519 F.3d 216, 230-31 (4th Cir. 2008); Mitchell v. S.C. All ECT, No. 3:12-1714-CMC-PJG, 2012 WL 5473097, at *4 (D.S.C. Oct. 23, 2012), aff'd, 511 F. App'x 253 (4th Cir. 2013). Here, an adequate post-deprivation remedy is available to plaintiff in state court. See e.g., Wilkins v. Whitaker, 714 F.2d 4, 6-7 (4th Cir. 1983). Because plaintiff has an adequate post-deprivation remedy in state court, his procedural due process claim fails.

As for substantive due process, the Fourth Circuit defines it as "an absolute check on certain governmental actions notwithstanding the fairness of the procedures used to implement those actions." Front Royal and Warren County Industrial Park Corp. v. Town of Front Royal, Virginia, 135 F.3d 275, 287-88 (4th Cir. 1998) (internal quotation omitted). The substantive due process check "is warranted only where no process could cure the deficiencies in the governmental action

13

. . . In other words, governmental action offends substantive due process only where the resulting deprivation of life, liberty, or property is so unjust that no amount of fair procedure can rectify it." Id. In this case, the court does not find the alleged deprivation so unjust as to be incapable of avoidance by any procedural protections. Moreover, post-deprivation state remedies are available to plaintiff. Thus, plaintiff has not alleged a substantive due process violation.[5]

On a related note, plaintiff alleges that prison officials placed in him in administrative segregation in retaliation for exercising his right to "legal access."[6] ((DE 32) Mem. in Supp., p. 7). Plaintiff, however, has provided no non conclusory factual allegations which state an improper motive or any specific acts which constitute his attempts to exercise his right to "legal access." Plaintiff, additionally, alleges conclusory allegations of race discrimination, wage discrimination, and job discrimination. ((DE 34), p. 7). Plaintiff's conclusory allegations fail to state a claim. Iqbal, 556 U.S. at 681; see, e.g., White, 886 F.2d at 723; see also Thomas v. Fed. Med. Ctr., No. 5:14-CT-3261-BO, 2015 WL 2193787, at *2 (E.D.N.C. May 11, 2015) ("[C]onclusory assertions of retaliation, discrimination, and conspiracy do not state actionable claims.").

    4.    Interference with Prison Job

Plaintiff asserts that defendants interfered with his right to a prison job assignment. However, inmates do not have a constitutional right to a prison job, and in turn, the deprivation of

---

[5] The court additionally notes that the negligent deprivation of personal property by a prison employee acting outside of the scope of official policy or custom does not support an action for damages pursuant to § 1983 because it does not implicate due process interests. See Daniels v. Williams, 474 U.S. 327, 328-336 & n.3 (1986). Thus, to the extent plaintiff raises a negligence claim, it is DISMISSED for failure to state a claim.

[6] The court further notes that plaintiff attributed his placement in administrative segregation to his asserting his right to a prison job assignment, and not unspecified attempts "legal access." ((DE 33), p. 5).

14

a prison job states no independent constitutional claim. See, Adams v. James, 784 F.2d 1077-1079 (4th Cir. 1986); Bulger v. United States Bureau of Prisons, 65 F.3d 48, 50 (5th Cir.1995) ("Courts of appeals consistently have held that an inmate's expectation of keeping a specific prison job, or any job, does not implicate a protected property interest."). Thus, plaintiff failed to state a claim.

        5.      Pepper-Spray

Plaintiff asserts that he has observed defendants spray other inmates with pepper-spray. As an inmate, plaintiff does not have standing to bring claims on behalf of other inmates. See Inmates v. Owens, 561 F.2d 560, 562–63 (4th Cir. 1977) (finding that one pro se inmate does not have standing to sue on behalf of another inmate); see also Myers v. Loudon Co. Pub. Sch., 418 F.3d 395, 401 (4th Cir. 2005) (finding that a pro se person's right to litigate for oneself does not create a similar right to litigate on behalf of others). Thus, plaintiff fails to state a claim.

        6.      Opening of Legal Mail

Plaintiff makes the conclusory allegations that unknown Columbus correctional officers have opened his legal mail outside of his presence and that his mail is "censored" when he is housed in administrative segregation. Isolated incidents of mail mishandling, while not to be condoned, do not rise to the level of a constitutional violation. See Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (noting that "an isolated incident of mail tampering is usually insufficient to establish a constitutional violation."); Pearson v. Simms, 345 F. Supp. 2d 515, 519 (D. Md. 2003) (holding that "occasional incidents of delay or non-delivery of mail" are not actionable under § 1983), aff'd, 88 F. App'x 639 (4th Cir. 2004)).

To the extent the mail at issue was legal mail, which may not be opened outside of the presence of the prisoner-addressee, see, e.g., Wolff, 418 U.S. at 575–77, to state a claim for a

15

constitutional violation, a plaintiff must show actual injury. See Lewis, 518 U.S. at 350–54. To show actual injury, an inmate must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Casey, 518 U.S. at 353 (footnote omitted); Michau, 434 F.3d at 728; Cochran, 73 F.3d at 1317. Plaintiff's allegations fall far short of this standard. Finally, plaintiff has provided nothing more than conclusory allegations to support his mail-related claims, which are insufficient to state a constitutional violation. Cochran, 73 F.3d at 1317 (Dismissal of access to court claim proper where inmate relied on conclusory allegations and failed to identify any actual injury). Thus, this claim is DISMISSED without prejudice for failure to state a claim.

       7.       Verbal Abuse

Plaintiff asserts that Columbus officers "verbally abused" him. However, the law is clear that "mere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983." Henslee v. Lewis, 153 F. App'x. 178, 180 (4th Cir. 2005); see also, Harris v. Green, No. DKC-12-434, 2013 WL 718868, at *4 (D. Md. Feb. 26, 2013) (finding verbal abuse of pretrial detainee did not constitute a constitutional violation); Capers v. Preston, No. 3:10CV225-MU02, 2010 WL 2015274, at *2 (W.D.N.C. May 19, 2010) ("Plaintiff further alleges that [defendant prison guard] told him that he was not going to get out of prison and that someone was going to kill Plaintiff. As troubling as [defendant's] prognostication for Plaintiff's future may be, such conduct still does not rise to the level of violating Plaintiff's constitutional rights. On the contrary, the law is clear that verbal abuse of inmates by guards, without more, does not state a claim for relief. Nor do verbal harassment or idle threats to an inmate even if they cause an inmate fear or emotional anxiety constitute a violation of any constitutional rights.") (internal citations, ellipses, and quotation marks omitted). Thus, plaintiff fails to state a claim.

16

### 8. Property Searches

Plaintiff alleges that he has "been searched 7 out of 8, days and [his] legal papers, supplies e.t.c. confiscated and property left in a disarray state." ((DE 32), Mem. in Supp. p. 7). The Fourth Amendment prohibition against unreasonable searches and seizures does not apply to prison cells because "[t]he recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions." Hudson, 468 U.S. at 526; see also, Sturkey v. Ozmint, No. 8:08-2758-MBS, 2009 WL 2843322, at *2 (D.S.C. Aug. 31, 2009) ("Prisoners have no legitimate expectation of privacy and the Fourth Amendment's prohibition on reasonable searches and seizures does not apply in the prison context."). Moreover, irregular, unannounced shakedown searches of prisoner property are permissible, for they are an effective means of ensuring that prisoners do not possess contraband. Bell v. Wolfish, 441 U.S. 520, 555–57 (1979). Thus, plaintiff's Fourth Amendment claim is DISMISSED without prejudice for failure to state a claim.

### 9. RICO

To the extent plaintiff seeks to bring criminal charges against defendants, "the United States and its attorneys have the sole power to prosecute criminal cases in the federal courts," and private citizens cannot petition federal courts to compel the criminal prosecution of another person. Maine v. Taylor, 477 U.S. 131, 136–37 (1986). Thus, the court dismisses this claim.

To the extent plaintiff asserts a RICO claim, RICO provides civil remedies "when a plaintiff has suffered an injury to his business or property as a result of a violation of [18 U.S.C.] section 1962." Alley v. Angelone, 962 F. Supp. 827, 832 (E.D. Va. 1997). A RICO plaintiff must plead that the defendants engaged in or conspired to engage in "(1) conduct (2) of an enterprise (3)

through a pattern (4) of racketeering activity." Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985) (footnote omitted). A RICO plaintiff "must adequately plead at least two predicate acts of racketeering." Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 233 (4th Cir. 2004). Here, plaintiff's wholly conclusory allegations concerning predicate acts are nothing more than "labels and conclusions." Ashcroft, 556 U.S. at 678; see Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008). Further, the only allegation plaintiff makes regarding any injury to his business is his potential loss of his prison job. However, as stated, inmates do not have a constitutional right to work assignments. See Adams, 784 F.2d at 1077-1079. Thus, plaintiff fails to state a RICO claim. To the extent plaintiff seeks to hold defendants liable for sanctioning plaintiff with administrative segregation due to plaintiff's failure to participate in a GED program, plaintiff fails to state a claim. There is no constitutional right to any of the privileges afforded inmates who participate in the GED program and, as stated, the placement in administrative segregation does not implicate the Due Process Clause. See Williams v. Farrior, 334 F. Supp. 2d 898, 904 (E.D. Va. 2004), aff'd, 122 Fed. App'x 65 (4th Cir. 2005); Beverati, 120 F.3d at 502. Further, inmates do not have a constitutionally protected right to remain uneducated. See Villanueva v. Ziegler, No. 5:13-29391, 2014 WL 4102502, at *7 (S.D.W. Va. June 17, 2014) (citing Rutherford v. Hutto, 377 F. Supp. 268, 272 (E.D. Ark. 1974) (stating that "[t]he 'constitutional right to be ignorant' or 'the constitutional right to remain uneducated,' which petitioner postulates, simply does not exist")). Additionally, literacy programs serve a valid penological interest of education and rehabilitation. See Burrell v. Gunja, No. AMD-00-3686, 2001 WL 34713499, at *4 (D. Md. June 8, 2001) (stating that the Bureau of Prison's requirement that an inmate attend the literacy program does not violate the inmate's constitutional rights because the "literacy program clearly serves the

18

valid penological interests of education and rehabilitation"), aff'd, 22 F. App'x 225 (4th Cir. 2001); Rutherford, 337 F. Supp. at 272–73 (finding that a "state has a sufficient interest in eliminating illiteracy among its convicts to justify it in requiring illiterate convicts, including adults, to attend classes"). Thus, this claim is DISMISSED for failure to state a claim.

In addition to the above-stated claims, plaintiff seeks a court order preventing prison officials from transferring him to another facility or destroying evidence in retaliation for filing this action. Such claims for prospective relief are purely speculative, and fail to state a claim.[7] See Shelton v. Virginia Dept. of Corr., No. 7:13cv00109, 2013 WL 1333428, at *2 (W.D. Va. Mar. 28, 2013) ("Shelton's complaint presents no claim for prospective relief that is not purely speculative. He makes no intelligible claim regarding how VDOC continues to fail to meet his medical, physical, or mental needs; his complaint simply expresses his fear that VDOC will deny him some sort of medical care in the future[.]").

In summary, the court rules as follows:

(1) Plaintiff's motions to disqualify the judge (DE 30, 31) are DENIED;

(2) Plaintiff's motions to amend (DE 33, 34) are GRANTED;

(3) Plaintiff's motion for reconsideration (DE 36) is DENIED;

(4) Plaintiff's claims are DISMISSED without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[7] The court notes that a prisoner has no constitutional right to be housed in a particular facility or unit, see Meachum v. Fano, 427 U.S. 215, 223–24 (1976).

19

(5) The court VACATES the magistrate judge's March 2, 2016, order granting plaintiff's motion to proceed without the prepayment of the filing fee to the extent the order directed plaintiff to pay a filing fee of $400 rather than $350.

(6) The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 6th day of October, 2016.

/s/ Louise W. Flanagan
LOUISE W. FLANAGAN
United States District Judge